IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES RUSSEL CLYMER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv416 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner James Russel Clymer, Jr., proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In 2019, pursuant to a plea of guilty entered in the 75th District Court of Liberty County, Texas, petitioner was convicted of aggravated sexual assault of child. He was sentenced to 60 years of imprisonment. The conviction and sentence were affirmed by the Texas Court of Appeals for the Ninth District after counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Clymer v. State*, No. 09-19-00148, 2019 WL 5581934 (Tex.App.–Beaumont Oct. 30, 2019).[1] Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner subsequently filed a state application for writ of habeas corpus. The Court of Criminal Appeals denied the application without written order. *Ex parte Clymer*, No. 91, 954-01.

Grounds for Review

Petitioner asserts the following grounds for review: (1) he received ineffective assistance of counsel because counsel: (a) failed to present mitigating evidence; (b) failed to investigate and (c) incorrectly advised petitioner that an open plea was his best and only option and (2) the state habeas

---

[1] The intermediate appellate court modified the judgment to reflect that the offense was committed "on or about the 1st day of September, 2007, through the 5th day of December, 2017."

court erred because the judge who had recused himself from petitioner's trial presided over the state habeas proceedings.

## Prior Proceedings

In his *Anders* brief, counsel described the proceedings in this matter as follows:

> This is an appeal from a conviction for the offense of Aggravated Sexual Assault of a Child. On April 17, 2019, Appellant . . . entered a plea of Guilty . . . to the offense of Aggravated Sexual Assault of a Child, with there being no agreement on punishment by the parties. The trial court heard additional evidence on the issue of punishment and assessed Appellant's punishment at sixty (60) years confinement in the Institutional Division of the Texas Department of Criminal Justice.

(Doc. no. 15-6, pp. 7-8).

## Standard of Review

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. An unreasonable application of law differs from an incorrect application; thus, a federal habeas court may correct what it finds to be an incorrect application of law only if this application is also objectively unreasonable. *Id*. at 409-411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.

2

86, 101 (2011) (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. The Supreme Court has noted that this standard is difficult to meet "because it was meant to be." *Id*.

In addition, this court must accept as correct any factual determination made by the state courts unless the presumption of correctness is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951.

Analysis

*Ineffective Assistance of Counsel*

A. <u>Substantive Standard</u>

In order to establish an ineffective assistance of counsel claim, a petitioner must prove counsel's performance was deficient, and that the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because a petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id*.; *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). To overcome the presumption that counsel provided reasonably effective assistance, a petitioner must prove counsel's performance was objectively unreasonable in light of the facts of the case. *Strickland*, 466 U.S. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, a petitioner must also show prejudice resulting from the inadequate performance. *Strickland*, 466 U.S. at 691-92. A petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Harrington*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if a petitioner has a strong case for granting relief, that does not mean the state court was unreasonable in denying relief. *Id*.

B.  Counsel's Affidavit

In connection with petitioner's state application for writ of habeas corpus, trial counsel submitted an affidavit. The affidavit states, in part, as follows:

> In Mr. Clymer's writ application, he asserts that I provided ineffective representation as I failed to interview and subpoena the CPS caseworker that initially worked on his case. Mr. Clymer, and his mother, also make several allegations regarding my alleged failure to investigate his psychiatric history, to call other witnesses, prepare for the hearing, and further insinuate that such failures stemmed from the fact that I only received half of the agreed upon fee. Moreover, Mr. Clymer and his mother fault me for failing to provide adequate hope during the pendency of his case and assert that I abusively informed him that he would die in prison.
>
> I will admit that I may not have provided adequate hope to Mr. Clymer, but only because the evidence was both overwhelming and particularly egregious. Mr. Clymer was charged with continuous sexual abuse of his daughter, who alleged that he had sexually assaulted her on a weekly basis beginning when she was seven and continuing until her outcry at the age of fourteen. This charge carried a sentence of twenty-five years to life without the availability of parole.
>
> What Mr. Clymer and his mother fail to mention at any point was the large quantity of child pornography found on the computer he kept in a closet and not connected to the internet. As the FBI agent testified at the hearing, multiple images of child pornography were obtained from Mr. Clymer's computer, some of which contained hash numbers that were not previously known to exist.
>
> This evidence created substantial problems in defending Mr. Clymer as the complainant alleged that some of these images were of her and that he was using

them to trade for other images of child pornography. This allegation made the images relevant during the guilt/innocence phase of trial, regardless of any other consideration. Moreover, this evidence was extremely likely to increase the credibility of the complainant at trial. Regardless, the sheer amount of child porn, in my estimation, would have made any potentially favorable testimony from the CPS caseworker irrelevant to the jury's consideration of credibility as the caseworker was not aware of that evidence when she allegedly made those statements.

Regarding Mr. Clymer's psychiatric history, I did investigate this matter. Unfortunately, Mr. Clymer was previously committed to a psychiatric hospital due to allegations of sexual assault perpetrated by Mr. Clymer on his sisters. This allegation was brought to light during discussions with Mr. Clymer, his mother, and his father. I therefore declined to obtain records related thereto as I believed they would only serve to strengthen the prosecution's case.

Regarding Mr. Clymer's other allegations, it is true that only his mother testified at the hearing. This was because no one else wanted to testify on his behalf. I do not recall seven different potential witnesses, and Mr. Clymer fails to provide names for the alleged seven. However, I do recall reaching out to potential witnesses including his father and a co-worker. Both individuals refused to testify on his behalf.

Although I did not receive my full fee under the contract, it did not affect my representation of Mr. Clymer. In fact, had I received the full amount, or even contracted for a higher amount, I still would have advised Mr. Clymer to take the plea deal. Under its terms, Mr. Clymer was convicted of one count of the first-degree felony of aggravated sexual assault of a child. It is my belief that this was his best chance as it is a parole eligible offense. While Mr. Clymer maintains that I failed to discuss this issue with him, I would point out that he signed a stipulation that outlined the facts and circumstances surrounding his plea in detail and highlighting that this deal was the only way for him to obtain parole at some point.

Therefore, I believe I effectively represented Mr. Clymer at all times. Further, even assuming the CPS caseworker would have testified favorably, I do not believe that it would have helped Mr. Clymer in any way due to the egregious nature of the offense and the large amount of child pornography found on his computer.

(Doc. no. 15-17, pp. 4-6).

### C. Application

#### 1. Failure to Present Mitigating Evidence

Initially, petitioner asserts counsel was ineffective because he failed to present evidence of petitioner's mental health history. He states he made counsel aware of his history and that he suffered from bi-polar illness. Petitioner asserts a licensed psychiatrist diagnosed him as suffering from this condition and that he had been admitted to at least five mental health facilities. Petitioner faults counsel for failing to hire a psychiatrist to examine him. He contends counsel should have

introduced evidence of his mental health history to mitigate the punishment he received.

Counsel's affidavit demonstrates he did consider petitioner's mental health history and whether presenting evidence of it would be beneficial. However, he determined that introducing such evidence would have not have had a mitigating effect on the punishment petitioner received. As evidence regarding petitioner's mental health history would have placed evidence before the court demonstrating petitioner abused his sisters, counsel's conclusion on this point did not fall below an objective standard of reasonableness and did not result in prejudice.

With respect to petitioner's contention that counsel should have hired a psychiatrist to examine petitioner, complaints of uncalled witnesses are not favored in federal habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance of counsel claim based on counsel's failure to call a particular witness, a petitioner must identify the witness, demonstrate the witness would have been available to testify and would have done so, set out the content of the proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id*. This requirement applies to both lay and expert witnesses. *Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002).

Petitioner has not identified a psychiatrist who would have been available to testify on his behalf and would have provided favorable testimony. He has therefore failed to show counsel's failure to hire a psychiatrist fell below an objective standard of reasonableness or caused him to suffer prejudice.

2. Failure to Investigate

Petitioner also states counsel failed to conduct an independent investigation into the charge against him. He states counsel failed to investigate a statement by an employee of child protective services ("CPS") that the victim provided four different versions of her story. Petitioner asserts that when he asked to see all the evidence in the case, counsel said he could not produce the evidence

even though he claimed to have performed his own investigation.

To establish ineffective assistance based on an inadequate investigation, a petitioner must allege with specificity what additional investigation would have revealed and how it would have benefitted him. *United States v. Ginsey*, 209 F.3d 386, 393 (5th Cir. 2000). The only evidence petitioner states counsel should have investigated was a statement by a CPS employee that the victim had provided inconsistent statements.

Counsel's affidavit demonstrates he was aware of the statement by the CPS employee. Counsel states that when the employee made her statement, she was not aware of the evidence of pornographic photographs of the victim on petitioner's computer. He asserts that as a result of the evidence on the computer, testimony from the victim was likely to be considered credible regardless of what the CPS employee might say.

In light of the evidence found on petitioner's computer, there is not a reasonable probability petitioner would have been found not guilty if counsel had conducted more of an investigation regarding the CPS employee's statement. As a result, the rejection by the state courts of this ground for review was not contrary to, or an unreasonable application of, clearly established federal law.

3. Advice Regarding Plea of Guilty

Petitioner states that when counsel realized petitioner could not pay him the remainder of his fee, he stopped working for petitioner. He then began to tell petitioner that his best and only option was to enter a plea of guilty without an agreement as to punishment.

In his affidavit, counsel acknowledges he only received half of the fee petitioner had agreed to pay. However, he states this did not affect his representation and that he would have advised petitioner to plead guilty even if he had received the full amount of the fee.

As described above, there was substantial evidence against petitioner. Testimony from the victim would have been supported by evidence found on petitioner's computer. The record does not indicate there is a reasonable probability petitioner would have been acquitted if he had proceeded to trial. Further, petitioner pled guilty to a reduced charge. As a result, he will be eligible for release

on parole after serving half his sentence. This would not have been the case if petitioner had been found guilty of the original charge.[2]

Petitioner received some benefit from his plea agreement. There is no indication in the record that the prosecution was prepared to make an agreement regarding punishment as part of a plea agreement. Based on this, and as there is not a reasonable probability petitioner would have received a better result at trial, counsel advising petitioner to plead guilty to a lesser charge did not fall below an objective standard of reasonableness and did not result in prejudice. The rejection of this ground for review by the state courts was therefore not contrary to, or an unreasonable application of, clearly established federal law.

*Error by State Habeas Court*

Petitioner states that the judge originally assigned to his case recused himself due to personal knowledge of petitioner's family. He contends that despite this recusal, the judge presided over his state habeas proceedings. However, this ground for review does not provide petitioner with a basis for relief in this proceeding because "infirmities in state habeas proceedings do not constitute grounds for relief" in a federal habeas proceeding. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004).[3]

## Recommendation

This petition for writ of habeas corpus should be denied.

---

[2] The Defendant's Waiver of Trial by Jury and Entry of Guilty Plea executed by petitioner states that based on the charge set forth in the indictment, continuous sexual assault of a child, petitioner would not be eligible for release on parole. However, the document states that as petitioner was pleading guilty to the offense of aggravated sexual assault of a child, he would be considered for release on parole after serving half his sentence. (Doc. no. 15-5, pp. 1-2).

[3] The judge originally assigned to petitioner's criminal case recused himself due to his personal knowledge of petitioner's family (doc. no. 15-16, p. 33). A different judge found petitioner guilty and sentenced him. The name of the original judge appears on the cover page and the summary page of the record prepared by the court clerk in connection with petitioner's state application for writ of habeas corpus (doc. no. 15-16, pp 1-2). However, the record does not reflect the original judge took any action or signed any orders in connection with petitioner's state application. As a result, the alleged "infirmity" during petitioner's state habeas proceeding resulted in no prejudice.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 19th day of July, 2024.

_____
Zack Hawthorn
United States Magistrate Judge